# United States District Court
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**TIMOTHY THOMAS SIMS** | **ORDER OF DETENTION PENDING TRIAL**<br>Case Number: 1:11-CR-37 |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ under 18 U.S.C.§924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is charged with several instances of the sexual exploitation of a child and possessing pictures of a minor engaging in sexually explicit conduct. There has been a recent state charge against him for similar incidents not charged here. Defendant is heavily in debt ($5,000 credit card; $150,000 property settlement; $30,000 in child support; and 11 judgments against him over a six-year period totalling in excess of $20,000.)

Defendant has been a mild user of marijuana, but has used cocaine 3 to 4 times per week (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community from further predatory behavior by the defendant as far as young girls are concerned, based upon the unrebutted presumption.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: February 18, 2011

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B)** - (continued)

during the last quarter of 2010. He has a short criminal history. The testimony at the hearing indicated that defendant's interest in child pornography is not a one-time thing, but is rather pervasive. The charges in both the federal and state court arise out of relationships defendant has had with two different mothers; one had a 7-year old daughter and the other had two two young teen-age daughters. There is some suggestion that the mothers may have made their daughters available to the defendant, at least for the purpose of viewing them naked. Defendant had several videos on his I-Phone which appear to have been taken through a window showing a naked teenage girl coming out of a shower. The videos are on the defendant's I-Phone, but he apparently told an investigator that the mother took the pictures. Defendant's email chats with the mother of the 7-year-old showed his eagerness to see pictures of the naked girl, and he apparently asked the mother if it was okay to perform certain sexual acts with this little girl. There is also reason to believe that the little girl's story, told to her father and to social workers about the defendant and her mother having a sexual relationship where she was on the couch with them, is more credible than the statements of the defendant and the mother that they were performing a sexual act but were not sure if the girl was there or not.

The presumption in this case has not been rebutted.

**Part II - Written Statement of Reasons for Detention** - (continued)