UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TIMOTHY THOMAS SIMS,

    Defendant.
_____/

Case No. 1:11-cr-37-1

HON. JANE M. BECKERING

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's *pro se* Motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Guideline Amendment No. 821) and request for appointment of counsel for (ECF No. 239, corrected by ECF No. 241). For the following reasons, the Court denies the motion.[1]

Defendant pleaded guilty to Count 4 of the Second Superseding Indictment, possession of images of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2), and Count 7 of the Second Superseding Indictment, receipt of images of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). Furthermore, after pleas of not guilty, Defendant was found guilty by a jury as to Counts 1 through 3 of the Second Superseding Indictment, sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a) and (e). His sentencing guidelines range was 1440 months' custody (ECF No. 196 at PageID.1411–1412). On October 23, 2013, Defendant was sentenced to 252 months'

---

[1] Federal Rule of Criminal Procedure 43 requires that a defendant be present at "sentencing," *see* Rule 43(a)(3), but excludes from that requirement a proceeding that "involves the correction or reduction of sentence under … 18 U.S.C. § 3582(c)," Rule 43(b)(4).

imprisonment as to each Counts 1 through 3, 120 months' imprisonment as to Count 4, and 120 months' imprisonment as to Count 7, with Counts 1 through 4 to run concurrently with one another, and with Count 7 to run consecutively with Counts 1 through 4, to be followed by a life term of supervised release as to each count, to run concurrently with one another (Minutes, ECF No. 190; Judgment of Sentence, ECF No. 191).

In August 2023, the United States Sentencing Commission submitted to Congress proposed changes to the federal sentencing guidelines, including Amendment 821, which would have retroactive effect. On November 1, 2023, when Congress failed to modify or reject Amendment 821, it became effective. Part A of Amendment 821 limits the criminal history impact of "Status Points" in Sentencing Guidelines § 4A. United States Sentencing Guideline (U.S.S.G.) § 4A1.1. Part B of Amendment 821 permits a two-level reduction for defendants without any criminal history points from § 4A and an instant offense without specified aggravating factors. U.S.S.G. § 4C1.1.

Defendant now seeks retroactive application of Amendment 821 to the Court's Judgment of Sentence. Pursuant to this Court's Order, the Probation Office prepared a Report of Eligibility, indicating that Defendant was not eligible for consideration of modification of sentence under 18 U.S.C. § 3582(c)(2) because he received criminal history points and did not receive status points (ECF No. 244). Defendant did not thereafter file any objection to the Report of Eligibility. The Court agrees that Defendant's guideline range would not be lowered as a result of the amendment to the guidelines. Under U.S.S.G. § 1B1.10(a)(2)(B), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore not authorized under 18 U.S.C. § 3582(c)(2) if...an Amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." Defendant's motion fails at the first step of the

analysis, and the Court does not reach the § 3553(a) factors.  *See generally United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (indicating that § 3582(c) establishes a "two-step inquiry") (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)).  Accordingly:

**IT IS HEREBY ORDERED** that Defendant's *pro se* Motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Guideline Amendment No. 821) and request for appointment of counsel for (ECF No. 239, corrected by ECF No. 241) is DENIED.

Dated: December 12, 2025     /s/ Jane M. Beckering
                              JANE M. BECKERING
                              United States District Judge